The facts of this case were fully given in our original opinion. Rehearing was granted on plaintiff's application, and on his motion the record was ordered returned to the Clerk of Court of Natchitoches Parish to the end that a purported duplicate original of the act of sale from Shreveport Pecan Orchard Company, Incorporated, to Dr. J.A. LaBaw could be incorporated in the record. This has been done and the record, as supplemented, is before us. There is material difference between said instrument and the one recorded, a certified copy of which was in the record originally. The purported duplicate is signed by two attesting witnesses whereas the recorded instrument was signed by only one attesting witness, and therein the purchaser is declared to be a single man, whereas in the recorded act he is declared to be the husband of Leila Robinson.
On March 19, 1945, which was several weeks subsequent to rendition of judgment herein by this court, the intervenor, J.W. LaFrenz, applied for and was granted an order of devolutive appeal from the judgment of the lower court which dismissed plaintiff's suit and demands. This appeal has been perfected and is now before us. Plaintiff has moved us to dismiss the appeal on the following grounds:
1. That no service, substituted or otherwise, of the petition of intervention and order thereon, was served upon Dr. LaBaw.
2. That the issues attempted to be raised by the intervention were not passed upon by the lower court and, consequently, no judgment was signed foreclosing said *Page 688 
issues. In brief, plaintiff advances the additional point to support the motion to dismiss, that as intervenor prayed only for judgment dismissing plaintiff's suit and judgment accordingly having been rendered, he has not been aggrieved and, consequently, may not appeal therefrom.
[4] The intervention was directed against the plaintiff only. The intervenor alleges that he joined the defendant in resisting plaintiff's demands. Service of intervention on plaintiff only is prayed for, but the record does not disclose that any service was had upon plaintiff. Neither does the record show that issue on the intervention as between plaintiff and intervenor was in any manner joined. On the contrary, the record indicates that such was not done.
Article No. 393 of the Code of Practice provides, inter alia, that: "This petition (of intervention) must be served on the party against whom it is directed, in order that he may answer to the same in the delay given in ordinary suits."
Issue on the main demand was joined by default. Defendant, being an absentee, was represented by a curator ad hoc who did not answer nor otherwise plead. When plaintiff sought to confirm the default, attorney for intervenor objected to introduction of evidence on the ground that as to the intervention exceptions filed by plaintiff in limine had not been tried nor passed upon by the court. This was true. However, trial was had and evidence was allowed introduced subject to the objection. The judgment appealed from by plaintiff was thereafter rendered. This judgment does not mention the exceptions nor the intervention.
[5, 6] If the intervention had been at issue when trial was had of the main demand, failure of the court to expressly pass upon the issues tendered would be construed as a rejection of the intervenor's contentions, but as no issue was joined and there were pending exceptions directed against the intervention, the court could not consider the issues raised thereby or thereunder, but intervenor had the right to insist upon trial of the intervention with the main demand.
[7] The intervenor attached the land involved in this suit and thereby acquired, from the date of levy, a privilege thereon. This privilege of course, is primed by the vendor's lien and mortgage that plaintiff, in alternative demand, seeks to enforce against the land; provided these accessory rights were in force when the suit was filed; otherwise, rights flowing from the attachment have priority.
[8, 9] The intervenor, inter alia, expressly pleaded the prescription of five years as against the $400 note held by plaintiff, which, he alleges, was secured by said vendor's lien and mortgage. If the note is barred by the pleaded prescription, automatically the vendor's lien and mortgage, being accessory obligations, fall; they cease to be of effect as such. Intervenor has the unquestioned right to plead prescription of the note. Civil Code, Article No. 3466.
[10] On the face of the record the $400 note prescribed long prior to the filing of the present suit; but courts have not the right to supply a plea of prescription. Civil Code, Article No. 3463. It was the duty of the curator ad hoc appointed to represent the absentee defendant to have made such a plea.
So far as concerns the resolutory action, we have experienced no change in opinion after considering the case on rehearing. The recitals of the act of sale sought to be resolved control in the absence of specific proof that such recitals, as regard the price of sale, are untrue. The fact that the forty-acre tract of land in the opinion of others was not worth $1,400, nor nearly so much, at date of its sale, does not materially affect the situation. The question of value of real estate is a relative one. It, to some extent, depends upon the attitude of buyer and seller; that is, the extent the owner desires to sell and how badly the purchaser wishes to acquire. Their solemn covenants, reduced to writing, should not, without strong proof, be brushed aside.
This case presents unusual facts and procedure. Counsel for plaintiff frankly admitted in oral argument that the case had largely degenerated into a controversy between opposing counsel. Such a state of affairs, when true, is always regrettable. Courts of justice are instituted among men to adjudicate bona fide disputes between litigants. They deprecate the submission of cases to them on any other basis.
Inasmuch as the intervenor has not had his day in court, and the alternative demand of the plaintiff was not expressly passed upon by the lower court, we have *Page 689 
decided to dismiss intervenor's appeal without prejudice and remand the case for further proceedings, in keeping with the following decree:
The appeal of the intervenor is hereby dismissed without prejudice and, for the reasons assigned, that part of our original judgment affirming the judgment of the lower court, insofar as it rejects the suit to resolve the act of sale in question, is reinstated, and made final. And, it is further ordered and decreed that this case be and it is hereby remanded to the lower court to the end that the alternative demand of the plaintiff may be passed upon, the exceptions to the intervention disposed of, and an adjudication of the issues tendered by the intervention, when and if joinder of issue is had, and for such other action and proceedings in the case as the facts and circumstances thereof warrant.
Plaintiff is cast for costs of the appeals. Responsibility for other costs will await final judgment herein.